DOMINGO TORRES ET AL., Petitioners, *v.* DISTRICT COURT OF PONCE, Respondent; EZEQUIEL MARTÍNEZ ET AL., Interveners.

No. 1666. Argued December 12, 1947.—Decided May 2, 1947.

*Carlos E. Colón* for petitioners. *Ernesto Ramos Antonini* for interveners, plaintiffs in the main action.

Mr. Chief Justice Travieso delivered the opinion of the Court.

Ezequiel Martínez and Juan Rodríguez, lessees of a property owned by Antonio Pacheco, in January 1942, brought an action of unlawful detainer against Domingo Torres. The District Court of Ponce rendered judgment against Torres ordering that an appraisal be made of the growing crops existing in the property and that the plaintiffs pay the value thereof to defendant Torres before the eviction was carried out. Torres thereupon appealed, and this Court affirmed the judgment on July 28, 1944. See *Martínez* v. *Torres,* 64 P.R.R. 42. On August 27, 1945, Elisa Pacheco, daughter and heir of Antonio Pacheco and wife of Domingo Torres, the defendant in said action of unlawful detainer, filed in the District Court of Ponce a petition for intervention, in which she alleged that ever since the death of her father, which occurred subsequent to the hearing and submission of the unlawful detainer case, she has held possession of the land in question as owner, cultivating and exploiting it through her husband Domingo Torres, as her verbal agent; that the judgment of dispossession against Torres had not been executed; that she was not a party and had never been summoned in the action of unlawful detainer; that the plaintiffs therein were seeking the execution of the judgment and the eviction of Torres; and that if such an eviction were ordered petitioner's right to the

possession of the land as owner would be prejudiced. The petition ended by praying that the petitioner be allowed to intervene in the proceedings; that the judgment of dispossession be annulled; and that the order of eviction be stayed pending the determination of the petition for intervention.

The interveners herein, plaintiffs in the action of unlawful detainer, moved that the judgment of dispossession be executed and the eviction of Domingo Torres ordered; that the petition for intervention be denied and the proceeding for appraisal dismissed. The lower court denied the petition for intervention, dismissed the initiated proceeding for appraisal and payment of the growing crops existing in the property, and ordered the eviction of Torres from the property involved in the case. In order to review that decision we issued a writ of certiorari.

The petitioners herein allege that the lower court committed "a procedural error and a grave abuse of discretion" in denying the petition for intervention.

 Rule 24 of the new Rules of Civil Procedure reads thus:

"(a) *Intervention of Right.*—Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof.

"(b) *Permissive Intervention.*—Upon timely application any person may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when the applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Intervention is a proceeding whereby a third person can present a claim or set up a defense in a pending case. As

indicated by Rule 24, *supra,* the right to resort to this remedy is sometimes absolute and sometimes discretionary with the court. The petitioners allege that they have an absolute right to intervene relying on subdivision 2 of Rule 24(*a*), *supra.* The petitioners are wrong. In order to be entitled to intervene relying on the fact that their representation is inadequate, they must make proof of that fact. The representation of a party is inadequate where there is proof of collusion between the representative of that party and an opposing party; or where the representative has or represents some interest adverse to that of the person represented, or negligently fails to do something which it is his duty to do. Moore's Federal Practice, vol. 2, p. 2333. In the case at bar the petitioner was represented by her husband Domingo Torres, another petitioner herein. The latter, as head of a family, is the legal representative of the conjugal partnership. It has not been shown that the representation was inadequate, inasmuch as it does not appear that there has been any collusion between Torres and the plaintiffs or that Torres represented an interest adverse to that of the petitioner. The petition for intervention was properly denied. Moreover, the petition came too late, as it was filed almost two years after the judgment had become final (*firme*). As stated in Moore's Federal Practice, vol. 2, p. 2384–5:

"Closely connected with the idea of subordination, and indeed often treated as though it were a part of the subordination rule, is the general and well settled rule, stated by Mr. Justice Brandeis, to be 'that intervention will not be allowed for the purpose of impeaching a decree already made.' Consent decrees and administrative orders are, therefore, not ordinarily subject to attack. This general intervention rule is based upon the same policy that establishes the general rule of finality of orders and judgments between original parties. Just as there are exceptions to the latter rule, so are there exceptions to the general intervention rule. Rarely, however, should administrative orders and decrees entered prior to intervention be set aside at the intervener's behest. Nor should other orders and decrees be set aside unless a clear case is made out

that such prior order or decree would deprive the intervener of substantial rights which he has not been remiss in pressing. The fact that the petitioner has an absolute right to intervene will not in itself be a basis for the avoidance of this rule."

The error assigned is nonexistent.

■■ The petitioners allege that the lower court committed "a procedural error in ordering the eviction of the defendant without a previous appraisal and payment of the plantations existing in the property."

According to the provisions of § 18 of the Unlawful Detainer Act, the fact that the defendant makes claim for work performed or plantations is no obstacle to his eviction. *Banco Territorial y Agrícola* v. *Arvelo*, 7 P.R.R. 551. In this connection said § 18 provides:

" . . . In such case the marshall shall proceed to make the ejectment without delay, and after it has been effected, he shall, at the request of the interested party, proceed to make a valuation . . ."

In the case at bar, a final judgment exists since June 1944 (*Martínez* v. *Torres, supra*) ordering the eviction of the petitioner. Ever since that time, and notwithstanding the various steps taken by the interveners herein to have the eviction carried out, the same has not been effected. Experts were appointed to make an appraisal of the plantations existing in the property but they never reached an agreement. Almost three years have elapsed since this Court affirmed the judgment of the lower court ordering the eviction and the petitioner still insists that an appraisal of the existing plantations be made. What are the plantations that must be appraised? Those which existed before or at the time there was a final judgment. The petitioner has had more than sufficient time to gather the fruits of the plantations which existed in June 1944, when the judgment in the action of unlawful detainer became final, since there were involved plantations of minor products (*frutos menores*) which ordinarily yield a single crop.

For the reasons stated the writ issued must be discharged.

Mr. Justice Snyder and Mr. Justice Marrero did not participate herein.

## ORDER

San Juan, Puerto Rico, May 22, 1947.

Through an inadvertence on the part of the litigants as well as of the lower court and of this Court, the decision in this case was based on the provisions of Rule 24 of the new Rules of Civil Procedure, which are not applicable to unlawful detainer proceedings. Nevertheless, the result should be the same under the provisions of § 72 of the Code of Civil Procedure (1933 ed.), according to which an intervention, like the one sought in this case, is not permissible.

It was so ordered by the Court, as witness the signature of the Chief Justice.